# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

FILED
ASHEVILLE, NC

JUN 29 2018

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>1061 Haywood Road, Asheville, NC, 28806 | )<br>)<br>) Case No. 1:18mj77<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

1061 Haywood Road, Asheville, NC 28806 (See Affidavit and Attachment A).

located in the ____Western____ District of ____North Carolina____, there is now concealed *(identify the person or describe the property to be seized)*:

See Affidavit and Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. §§ 7201, 7212(a) | Tax evasion; Attempts to interfere with administration of internal revenue laws |

The application is based on these facts:
See Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jennifer Berry, IRS-CI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 29, 2018

*Judge's signature*

City and state: Asheville, North Carolina

Dennis L. Howell, United States Magistrate Judge
*Printed name and title*

Western District of North Carolina

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jennifer W. Berry, Special Agent of the Internal Revenue Service – Criminal Investigation (IRS-CI), being duly sworn, do hereby depose and state:

## INTRODUCTION

1. I am a Special Agent with Internal Revenue Service – Criminal Investigation ("IRS-CI") and am empowered to make arrests and apply for and execute federal search warrants. I have been employed with IRS-CI since 2009. As a Special Agent currently assigned to the Charlotte, North Carolina Field Office, my responsibilities as a Special Agent include the investigation of criminal violations of the Internal Revenue Code (Title 26, United States Code), the Bank Secrecy Act (Title 31, United States Code), Money Laundering (Title 18, United States Code, Sections 1956 & 1957), and related offenses. Before joining IRS-CI, I was employed as a public accountant from 1997 through 2009. In 2001, I became licensed as a Certified Public Accountant in the state of North Carolina. My primary law enforcement training was conducted at the Federal Law Enforcement Training Center in Glynco, Georgia. In 2010, I successfully completed a 26-week program consisting of twelve weeks of criminal investigative techniques training and fourteen weeks of specialized training relative to the Internal Revenue Service criminal investigation position.

2. As a result of my personal participation in the investigation of matters referred to in this affidavit, and based upon reports made to me by other law enforcement officials, I am familiar with the facts and circumstances of this investigation. The information contained in this affidavit is provided for the limited purpose of establishing probable cause in support of a search warrant for:

**1061 Haywood Road, Asheville, NC 28806 (TARGET LOCATION).** I have not included each and every fact known to me concerning this investigation. This property is located in the

1

Western District of North Carolina (WDNC). Based on facts set forth in this affidavit, I believe that evidence of violations of Title 26 USC Section 7201 (Evasion of Income Tax) and Title 26 USC Section 7212(a) (Obstruction of Due Administration of Title 26), is located at the business location of JAMES E. MACALPINE, DDS. The location to be searched is more particularly described in ATTACHMENT A.

3. Based on the aforementioned investigative training and experience, I know that Title 26 United States Code, Section 7201, makes it a crime to willfully attempt in any manner to evade or defeat any tax or payment thereof imposed by Title 26, United States Code. In addition, I know that Title 26, United States Code, Section 7212(a) makes it a crime to engage in a corrupt effort, endeavor, or attempt to impede, obstruct, or interfere with the due administration of Title 26. I am familiar with the various methods and schemes that individuals engage in to willfully evade or defeat the payment of federal income taxes, including the concealing or underreporting of their federal taxable income and hiding assets or funds available to pay the income tax due. Specifically, I know that individuals and businesses that willfully and intentionally conceal income and hide funds often keep records of their unreported income and assets on computerized books and records, office computers, and paper books and records, including those listed in ATTACHMENT B, incorporated herein by reference. I submit this Affidavit in support of my belief that the Items to be Seized (listed in ATTACHMENT B) – evidence of a violation of Title 26, U.S.C. § 7201 and Title 26, U.S.C. § 7212(a) -- are to be found at the Property to be Searched.

## AFFIANT'S KNOWLEDGE

4. Based upon my training and experience, coupled with my personal knowledge of the facts of the investigation to which this affidavit relates and information from other law enforcement officers, I respectfully submit there is probable cause that the **TARGET LOCATION** contains evidence that JAMES MACALPINE committed violations of Internal Revenue laws, more

2

specifically, the following violations: Title 26 USC §7201 (Willful Attempt to Evade Taxes) and Title 26 USC §7212(a) (Obstruction of Due Administration of Title 26). Such evidence includes documents, computers and electronic records listed in ATTACHMENT B, incorporated herein by reference. These documents would evidence gross receipts, business expenditures, and income to JAMES MACALPINE and JAMES E. MACALPINE, DDS. Based on the evidence summarized in this affidavit, many of these items of evidence are stored in electronic form on computers and hard copy in file cabinets located inside the office at the **TARGET LOCATION**. This affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant, and does not purport to set forth all of my knowledge of or investigation into this matter.

5. Based on my training, experience and knowledge from fieldwork, your Affiant knows that the following traits are common to those persons involved in criminal tax offenses:

   a. That engaging in tax evasion is frequently a continuing activity over many months and years.

   b. That records of income, including unreported income, often are retained for a lengthy period of time, even extending substantially beyond the time during which the tax offenses occur.

   c. That individuals involved in tax offenses often maintain extensive financial records and other related documents, including: computer files, books, records, receipts, notes, ledgers, journals, diaries, address books, and other sundry papers relating to their activity.

   d. That it is common for those involved in financial crimes, including criminal tax offenses, to hide their most sensitive records of their transactions and money sources in the most private and secure locations within their offices, storage buildings, automobiles, computers (including peripheral devices associated with computers), and safe deposit

3

boxes for easy access, and to conceal such items from public view and law enforcement authorities.

e. That the handling of large sums of United States currency often results in the creation of banking and financial records that document monetary transactions, and that bank records are often stored at one's business premises.

## BACKGROUND OF THE INVESTIGATION

6. Since approximately February 2015, IRS-CI has been involved in an investigation of MACALPINE for Title 26 violations. The information set out in the affidavit is based upon the criminal investigation of MACALPINE.

7. MACALPINE is owner/operator of JAMES E. MACALPINE, DDS, an orthodontist practice located at the **TARGET LOCATION** in Asheville, NC. MACALPINE has been licensed as a dentist with the state of North Carolina since July 21, 1975, and has operated as an orthodontist since at least 1992. MACALPINE continues to operate his orthodontist practice and receive income for his services.

8. MACALPINE failed to file tax returns for several years. The civil examination division of the IRS examined multiple tax years including 1999, 2000, 2002, 2003, 2004, 2005, 2006 and 2009 for MACALPINE and assessed tax for the applicable years. After MACALPINE's failure to pay, his unpaid tax liabilities were subsequently referred to the collections division of the IRS. During the period of collections, MACALPINE submitted an Offer in Compromise in attempts to settle his outstanding tax liability for a minimal amount, but IRS rejected the offer. To date, MACALPINE owes the U.S. Treasury at least $1,962,354.11 in unpaid taxes for tax years 1999, 2000, 2002, 2003, 2004, 2005 and 2006.

9. During the civil collections process and after repeated attempts to collect tax owed by MACALPINE, the case was referred to IRS-CI. The investigation by IRS-CI has revealed that

4

MCALPINE has evaded the payment of income tax for at least tax years 1999, 2000, 2002, 2003, 2004, 2005 and 2006. These are the years MACALPINE has been assessed with income tax owed to the IRS and has evaded payment and collection efforts by the civil collections division. In addition, MACALPINE has continued to fail to file personal income tax returns since at least tax year 2010.

## FACTS SUPPORTING PROBABLE CAUSE

10. MACALPINE has an assessed tax balance of approximately $1.9 million for tax years 1999, 2000, 2002, 2003, 2004, 2005, and 2006. To date, MACALPINE has failed to pay the assessed tax balance, and has undertaken efforts to thwart efforts by the IRS to collect. More specifically, MACALPINE changed bank accounts on multiple occasions after the IRS located and initiated collection efforts against his accounts.

11. MACALPINE opened a checking account (#001218563572) at First Citizens bank on October 3, 2008. Beginning at least as early as January 2010, MACALPINE used this First Citizens bank account (#001218563572) to process credit card deposits from his orthodontist business. Sometime in 2011, the IRS discovered this account and began collection efforts against it. On June 28, 2011, the IRS garnished this account in the amount of $4,581.69. The IRS applied additional garnishments of $557.71 and $45.47 on August 23, 2011 and September 30, 2011, respectively. On August 22, 2011, MACALPINE endorsed a cashier's check in the amount of $4,000.00 from his First Citizens account and deposited it into his account in the name of Daylight Foundation Services at RBC Bank. MACALPINE is the account holder for Daylight Foundation Services, which has no known operational purpose. By August 29, 2011, MACALPINE had ceased using the First Citizens bank account to process credit card deposits. Beginning September 1, 2011, MACALPINE shifted his credit card deposits to his SunTrust (#1000050218501) account.

12. The IRS had difficulty locating MACALPINE's SunTrust account. Although MACALPINE opened the account (#1000050218501) on August 4, 2006, two digits of MACALPINE's social security number were transposed in the bank's records, which rendered the account difficult to locate. The IRS identified the account sometime in late 2014 or early 2015 and began collection efforts against it, imposing levies on January 26 and 29, 2015 for $742.94 and $1,211.52, respectively. Immediately after the imposition of the levies, MACALPINE ceased using the bank account and shifted his credit card deposit activities into a bank account (#80907510) he held at Self-Help Credit Union (SHCU). The SunTrust account was closed on April 3, 2015. MACALPINE had opened the SHCU account on or about September 5, 2007 (originally as a Coastal Federal Credit Union (CFCU) account, until CFCU was acquired later by Self-Help Credit Union). From 2010 until early 2015, MACALPINE maintained a balance of only $110.26 in the SHCU account, but that changed immediately after the imposition of levies against the SunTrust account. Beginning February 2, 2015, MACALPINE used the account for his credit card deposit activity related to his orthodontist practice. Each month thereafter, MACALPINE withdrew cash from the account nearly equal to the amount of credit card deposits. From February 2015 through at least as late as September 28, 2017, the only account activity in the SHCU account was credit card deposits and subsequent withdrawals.

13. In addition to the pre-existing tax debt, MACALPINE has not filed an income tax return for tax years 2010, 2011, 2012, 2013, 2014, 2015 and 2016. Based on analysis of bank account activity, MACALPINE has received income for orthodontic services during this same time period. A summary of MACALPINE's estimated taxable deposit activity determined from the analysis of bank statements received via subpoena is as follows:

| 2010 | 2011 | 2012 | 2013 | 2014 | 2015* | 2016* | 2017* |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  |  |  |  |  |  |  |  |

Case 1:18-mj-00077-DLH  Document 1-1  Filed 06/29/18  Page 7 of 16

| 402,402.45 | 273,378.83 | 274,314.80 | 196,810.55 | 182,821.13 | 120,563.50 | 131,099.50 | 105,652.50 |

*Note the amount of deposit activity into bank accounts has declined since the periods of IRS collection efforts.

14. An analysis of bank records from 2010 through 2017 confirmed that MACALPINE received payments for services rendered as an orthodontist. MACALPINE received checks and credit card payments from customers. MACALPINE had at least two employees during this timeframe and paid them with payroll checks. MACALPINE also paid other expenses that appear to have been related to orthodontic services.

15. An analysis of credit card merchant records from January 1, 2015 to November 30, 2017 confirmed that MACALPINE operated a business and received income for his services. In January 2015, MACALPINE submitted a merchant application to Electronic Payments Inc., a company that assists businesses with processing credit card payments, listing a business name of "JAMES E. MACALPINE DDS" with a merchant address of the **TARGET LOCATION**. MACALPINE identified the business as an individual/sole proprietorship on the form. MACALPINE listed his gross annual business volume as $550,000.00, with average annual credit card volume of $325,000.00. MACALPINE signed and dated the form on January 13, 2015.

16. During the investigation, an undercover agent (UCA) met with MACALPINE at the **TARGET LOCATION**. On June 2, 2016, an undercover agent (UCA) met with MACALPINE during a scheduled orthodontic consultation visit. The UCA used a credit card to pay for the visit. During the visit, the UCA observed patient and business records located throughout the office.

7

17. On June 30, 2016, the UCA had a follow-up appointment with MACALPINE at his orthodontist office. The UCA used a check to pay for services rendered by MACALPINE. The check was later endorsed by MACALPINE.

18. On September 28, 2016, the UCA met with MACALPINE and played eighteen holes of golf at Etowah golf course in Hendersonville, NC. During the conversation, MACALPINE admitted to seeking assistance from an individual known to the IRS as a promoter of frivolous tax avoidance arguments. MACALPINE also told the UCA he had intentionally failed to respond to a civil summons requesting books and records. He further stated that he would not provide his books and records in response to a summons, and admitted to responding with letters questioning the tax code.

19. As of the date of this affidavit, MACALPINE continues to operate an orthodontist practice at the **TARGET LOCATION** and maintains regular operating office hours. On April 11, 2018, an IRS special agent entered the orthodontist office of MACALPINE at the **TARGET LOCATION** and inquired about orthodontic services. An assistant provided the agent with an information sheet about MACALPINE and a booklet about orthodontics. The agent observed at least one employee along with a computer and paper documents in the reception area.

## CONCLUSION

Based upon my training, experience, and the facts of this investigation, I submit that there is probable cause to believe that evidence of the violations set forth above will be recovered at the **TARGET LOCATION** to be searched (described in Attachment A). I therefore request that a search warrant be issued for the Property to be Searched (**TARGET LOCATION**), and, if any of the aforementioned items are found, authorizing seizure of the same.

Dated this _____ day of June, 2018.

JENNIFER BERRY
Special Agent
IRS – Criminal Investigation

SUBSCRIBED and sworn to before me on this, the 29 Day of June, 2018 at Charlotte, North Carolina.

HON. DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NORTH CAROLINA

9

# ATTACHMENT A

## 1061 Haywood Road, Asheville, NC

The location to be searched is a 2,998 square foot brick building, located on 1061 Haywood Road, Asheville, NC. This is a multiple level building facing Haywood Road with a parking lot in the rear. The building has a front and rear entrance. There is a sign in the front of the building marked with "1061" listing James E. MacAlpine, DDS, PA and Robert T. MacAlpine, DDS, PA as occupants.

**Front View**



**Rear View**



**Sign**



2

# ATTACHMENT B

Based on the information provided in this Affidavit, together with my training and experience, there is probable cause to believe that evidence of violations of Title 26 U.S.C. Sections 7201 (tax evasion) and 7212(a) (obstruction) will be found at the business of James E. MacAlpine DDS located at 1061 Haywood Road, Asheville, NC 28806. The items to be seized are in the name of, or any version of the name of, and/or relate to the following:

- JAMES E. MACALPINE
- JAMES E. MACALPINE, DDS, PA
- DAYLIGHT FOUNDATION SERVICES

The following items to be seized are for the period January 1, 1999 and continuing through to the present:

1. Any tax returns or tax documents, including individual and business federal income tax returns, related schedules, and related documents, whether in draft or final form.

2. Financial records to include bookkeeping records, bank account records, bank statements, deposit statements/slips, checks, check books, canceled checks, check registers, withdrawal slips, wire transfers, cashier's checks, money orders, ledgers, journals, accounts receivables, accounts payables, receipts, payments, bills, invoices, spreadsheets, certificates of deposit documents, brokerage accounts, stock certificates and brokerage statements, mutual fund and other securities records, loans, credit applications, payroll records, financial statements, credit card accounts, credit card statements, credit card slips, and all other financial documents.

3. Appointment book, client list, planning calendar, Rolodex, telephone directories and diaries.

4. Records relating to rented/leased properties, vehicle loan applications, credit card applications, credit card statements (in any name), copies of consumer credit reports, and correspondence with credit bureaus.

5. Records establishing and maintaining sole proprietorships, corporations, and/or partnerships.

6. Any computers (including file servers, desktop computers, laptop computers, mainframe computers), input/output devices, software, documentation, data security devices and storage devices (such as hard drives, Zip disks, floppy disks and thumb drives) that are found on the premises to be searched, in order to examine those items for evidence of the various crimes described on the attached Affidavit, that is, Title 26 U.S.C. Sections 7201 (tax evasion) and 7212(a) (obstruction).

7. Any records, documents, materials and files described in paragraphs 1 through 5 which are maintained on a computer. The terms "records", "documents", "materials", and "files" include all information preserved in any form, visual, magnetic, electronic or aural, including the originals and all non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise. These definitions apply regardless of the form in which such records, documents, materials and files, including any drafts or modifications, may have been created or stored, including (but not limited to) any handmade form (such as writing, drawing, painting, with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); any mechanical form (such as writing, printing or typing); any computerized, electrical, electronic, or magnetic form (such as tape recordings, cassettes, compact discs, or any information on an electronic or magnetic storage device, such as floppy diskettes, hard disks, CD-ROMS, optical discs, printer buffers, smart cards, memory calculators, personal digital assistant (pda), electronic dealers, Thumb Drives, Flash media, ZIP drives, or electronic notebooks, as well as printouts or readouts from any magnetic storage device), including information preserved in files that have been "deleted" from computer storage devices or facilities.

2

8. The term "computer", as used here, is defined as an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

9. Agents are authorized to seize and remove from the premises any computer hardware including computer system input/output (I/O) peripheral devices and software so that a qualified computer expert can accurately retrieve the system's data in a laboratory or other controlled environment.

10. Agents and computer analysts working with agents are authorized to seize the relevant system software (operating systems interfaces, and hardware drivers), any applications software which may have been used to create the data (whether stored on hard drives or on external media), as well as all related instruction manuals or other documentation and data security devices (including, but not limited to, passwords, keycards, and dongles). In addition, they are authorized to reconfigure the system as it now operates in order to accurately retrieve the evidence stored therein.

11. If, after inspecting the I/O devices, software, documentation and data security devices, the analyst determines that these are no longer necessary to retrieve and preserve the data evidence, and the prosecutor determines that they should be preserved as instrumentalities of the crime, the items shall be returned within a reasonable time unless a forfeiture action is initiated against the property.

12. In regard to the inspection of computers and the context of related equipment for records, documents, materials and files within the scope of this warrant, agents are authorized to analyze the electronically stored data, whether on-site or in a laboratory or other controlled environment, using the following techniques: (a) surveying various file "directories" and the individual files they contain in order to locate evidence and instrumentalities authorized for seizure by the warrant; (b) "opening" or reading the first few "pages" of such files in order to determine their precise contents; (c) "scanning" storage areas to discover and

3

possibly recover deleted data; (d) "scanning" storage areas for deliberately hidden files; and (e) performing electronic "key word" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

13. The above described items and information may include, but not limited to the following forms: hand-written, printed, originals, copies, electronically stored (including archived). Digital storage media will be imaged for off-site search, if such can be accomplished in a reasonably timely manner on-site. If same cannot be imaged on site due to timeliness, technical, safety, security or environmental reasons, the agents are authorized to seize any necessary hardware or media for imaging or other acquisition of the data for proper searching. Any hardware or media not imaged or acquired on-site will be returned in a reasonable amount of time, unless otherwise seizable.

14. The items to be seized herein will consist of business and financial records to be searched for evidence of the violations of Title 26 U.S.C. Sections 7201 (tax evasion) and 7212(a) (obstruction). Patient dental records are not an object of the proposed search and should not be seized. Any such records inadvertently seized will be returned in a reasonable amount of time, unless otherwise seizable.